Reginald TRAVIS *v.* STATE of Arkansas

CR 74-25                                    509 S.W. 2d 550

Opinion delivered May 28, 1974

*Harold L. Hall,* Public Defender, by: *Robert L. Lowery,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

*Lee A. Munson,* Pros. Atty., by: *John Wesley Hall, Jr.,* Dep. Pros. Atty., amicus curiae.

GEORGE ROSE SMITH, Justice. By this petition under Criminal Procedure Rule 1 the appellant seeks credit upon his 3-year prison sentence for the time he spent in the Pulaski County jail awaiting trial. The circuit judge denied relief.

Travis was confined to jail on December 2, 1970, and was charged with first-degree rape. He made no application to the court to set bail. His trial began on December 7, 1971. Upon the second day of trial the proceedings were terminated by a negotiated plea of guilty to assault with intent to commit rape, with a 3-year sentence. There was no request for the allowance of jail time until the present petition was filed.

The judgment must be affirmed upon the authority of *Smith* v. *State,* 256 Ark. 425, 508 S.W. 2d 54 (1974). There, as here, the Rule 1 petitioner was charged with a capital offense, which was not bailable as a matter of right until the Supreme Court's decision in *Furman* v. *Georgia,* 408 U.S. 238, decided on June 29, 1972, which was after the Rule 1 petitioner's trial in the *Smith* case, as in this one. There we said: "The filing of the information raised a presumption of appellant's guilt for the purpose of arrest, detention and trial sufficient to preclude him from the right of bail until it was rebutted by an affirmative showing on his part." We accordingly concluded that the petitioner had not shown a discriminatory denial of bail upon the basis of indigency alone. Since we cannot distinguish the *Smith* case from this one, it is a controlling precedent.

Affirmed.